UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| Collette Stark, Plaintiff, v. Simon Poonka, Project Eco, Poonka Enterprises, Inc., Eco Home Solutions, Defendants. | Case No.: 18-cv-2570-AJB-KSC<br><br>**ORDER GRANTING PLAINTIFF'S MOTIONS FOR DEFAULT JUDGMENT**<br><br>**(Doc. Nos. 11, 12, 14)** |
|---|---|

Before the Court is plaintiff Collette Starks' motions for default judgment against Defendants Project Eco, Poonka Enterprises, Inc., and Eco Home Solutions. (Doc. Nos. 11, 12, 14.) For the reasons set forth herein, Plaintiff's motions for default judgment are **GRANTED**.

## I. BACKGROUND

Plaintiff brings this complaint for alleged violations of the TCPA and CIPA for illegal telemarketing calls by Defendants. (Doc. No. 1 ¶¶ 1, 2.) She alleges that Defendant businesses Eco Home Solutions, Poonka Enterprises, Inc., and Project Eco called her at least nine times using an automated telephone dialing system. (*Id.* ¶ 72.)

## II. LEGAL STANDARDS

Federal Rule of Civil Procedure 55(b)(2) permits a court, following default by a defendant, to enter default judgment in a case. It is within the sound discretion of the district

court to grant or deny an application for default judgment. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). In making this determination, the Court considers the following factors, commonly referred to as the *Eitel* factors: (1) "the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action, (5) the possibility of a dispute concerning material facts, (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits." *Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986). "In applying this discretionary standard, default judgments are more often granted than denied." *Philip Morris USA, Inc. v. Castworld Prods., Inc.*, 219 F.R.D. 494, 498 (C.D. Cal. 2003) (citation omitted).

Generally, once the court clerk enters default, the factual allegations of the complaint are taken as true, except for those allegations relating to damages. *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917–18 (9th Cir. 1987). However, although well-pleaded allegations in the complaint are admitted by a defendant's failure to respond, "necessary facts not contained in the pleadings, and claims which are legally insufficient, are not established by default." *Cripps v. Life Ins. Co. of N. Am.*, 980 F.2d 1261, 1267 (9th Cir. 1992), *superseded by statute on other grounds*, Pub. L. No. 100-702, 102 Stat. 4669.

### III. DISCUSSION

Plaintiff's claims are for violations arising under the TCPA and CIPA. Although Plaintiff fails to address the *Eitel* factors in her motions, the Court will analyze them.

**1. Possibility of Prejudice to the Plaintiff**

There is a possibility of prejudice to a plaintiff when denying default judgment would leave them without an alternate recourse for recovery. *See PepsiCo Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002). At an order to show cause motion hearing, Defendant Poonka stated that his businesses were in the process of filing for bankruptcy. Thus, without default judgment, the Court finds Plaintiff would be severely prejudiced as Defendants do not intend on participating in litigation.

### 2. Substantive Merits and Sufficiency of Claim

Under the second and third *Eitel* factors, the Court must examine whether the plaintiff has pled facts sufficient to establish and succeed on its claims. *See Eitel*, 782 F.2d at 1471. These factors require the complaint "state a claim on which the plaintiff may recover." *PepsiCo*, 238 F. Supp. 2d at 1175. Plaintiff brought claims under the TCPA and SIPA. Under the TCPA, Plaintiff must establish that (1) the phone calls were made using an automatic telephone dialing system ("ATDS"); (2) she was the "called party;" and (3) that Defendants did not have Plaintiff's prior consent to make the calls. 47 U.S.C. § 227(b)(1)(A)(iii); *Meyer v. Portfolio Recovery Associates, LLC*, 77 F.3d 1036, 1043 (9th Cir. 2012).

Under the first element, Plaintiff sufficiently alleged Defendants' calls to her were made using an ATDS. (Doc. No. 1 ¶¶ 35, 49–51.) Regarding the second element, Plaintiff alleges she is the "called party" because the phone number Defendants dialed belonged to her. (*Id.* ¶ 55.) As for the last requirement, Plaintiff alleges she never gave Defendants consent to contact her. (*Id.* ¶ 54.) Thus, the Court finds Plaintiff pled sufficient facts to succeed on her TCPA claim.

### 3. Sum of Money at Stake

Here, Plaintiff seeks $5,000 in statutory damages, $500 for intentional or willful violations, and $1,500 for violations of seven sections. (Doc. No. 1 at 35–36.)

"[T]he court must consider the amount of money at stake in relation to the seriousness of Defendant's conduct." *PepsiCo*, 238 F. Supp. 2d at 1176. Default judgment is disfavored where the sum of money at stake is too large or unreasonable in light of defendant's actions. *See Totten v. Hurrell*, No. 00–2718, 2001 U.S. Dist. LEXIS 20259, at *2 (N.D. Cal. Nov. 28, 2001) (stating that "the 'sum of money at stake' factor [under *Eitel*] is meant to focus on the size of the award requested, as courts are hesitant to enter default judgments where large sums of money are at stake," and finding an award of $19,977.74 not a "large money judgment" in today's world). The Court considers Defendants declarations, calculations, and other documentation of damages in determining if the

amount at stake is reasonable. *See Walters v. Shaw/Guehnemann Corp.*, No. C 03-04058 WHA, 2004 U.S. Dist. LEXIS 11992, at *7 (N.D. Cal. Apr. 15, 2004) (finding plaintiff's calculations of damages and attorney fees reasonable, based on plaintiff's sworn declarations and pay stubs and other documentation submitted by plaintiffs).

First, Plaintiff requests $5,000 per violation of California Invasion of Privacy Act § 637.2(a)(1). (Doc. No. 1 ¶ E.) Section 631 of CIPA makes it unlawful to use "any machine, instrument or contrivance" to intentionally intercept the content of a communication over any "telegraph or telephone wire, line, cable or instrument," or to read, attempt to read, or learn the "contents or meaning of any message, report, or communication while the same is in transit or passing over any wire, line or cable" without the consent of all parties to the communication. See Cal.Penal Code § 631(a). *See In re Yahoo Mail Litig.*, 7 F. Supp. 3d 1016, 1036 (N.D. Cal. 2014). However, Plaintiff did not adequately plead a CIPA violation.

Next, Plaintiff requests "$500 plus threefold damages" for each willful violation. (*Id.* ¶ F.) "If the court finds that the defendant willfully or knowingly violated" the TCPA, it may award treble damages. 47 U.S.C. § 227(b)(3)(B). Plaintiff only alleges conclusory facts regarding Defendants' willfulness. (Doc. No. 1 ¶ 36 (Defendants "knowingly and intentionally ma[d]e robo-dialed calls to Plaintiff. . . .").) There are no facts present showing Defendants knew that Plaintiff was not to be contacted except her phone number's placement on the National Do Not Call Registry.

Finally, Plaintiff requests $1,500 for each violation of various subsections of the TCPA (failure to state a name at the beginning of a call, spoofing a number, violating the Do Not Call registry, etc.) (Doc. No. 1 ¶¶ K–Q.) The TCPA provides private plaintiffs may recover $500 of statutory damages for each violation and treble damages, or $1,500 per violation, if the plaintiff can prove the defendant committed it willfully or knowingly. 47 U.S.C. § 227(b)(3). Because a finding of willfulness is inappropriate, the Court finds Plaintiff may only recover $500 per violation. Plaintiff alleges with specificity nine violations, resulting in a $4,500 recovery, which the Court finds is reasonable.

### 4. Possibility of Dispute Concerning Material Facts

The next pertinent *Eitel* factor considers whether there are disputed material facts. "Upon entry of default, all well pleaded facts in the complaint are taken as true, except those relating to damages." *PepsiCo*, 238 F. Supp. 2d at 117. Here, Plaintiff has alleged sufficient facts to support its claims as analyzed above. Defendants failed to rebut them. Thus, there is no dispute of material facts and this factor favors the entry of default judgment against Defendants.

### 5. Excusable Neglect

There is no indication of excusable neglect. After being served with the complaint, Defendants simply failed to respond. At a show cause hearing, Poonka relayed that the corporations were likely to go bankrupt and would not be hiring an attorney. Consequently, this factor weighs in favor of the entry of default judgment.

### 6. Policy Favoring Decisions on the Merits

Although default judgment is disfavored, a decision on the merits is impractical, if not impossible, when the defendant takes no part in the action. *Penpower Technology Ltd. v. S.P.C. Technology*, 627 F. Supp. 2d 1083, 1093 (N.D. Cal. 2008). Given that Defendants have failed to respond, the general preference for resolution on the merits is not equally applicable. *See, e.g.*, *id*. In sum, the relevant considerations weigh in favor of entry of default judgment against Defendants.

## IV. CONCLUSION

For the reasons set forth above, the Motions for Default Judgment against Defendants, (Docs. No. 11, 12, 14), are **GRANTED**. The Court awards $4,500. The Clerk is directed to enter judgment consistent with this order.

**IT IS SO ORDERED**.

Dated: April 5, 2019

Hon. Anthony J. Battaglia
United States District Judge