# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Collette Stark,<br><br>                  Plaintiff,<br><br>v.<br><br>Simon Poonka,<br><br>                  Defendant. | Case No.: 18-cv-2570-AJB-KSC<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR A MORE DEFINITE ANSWER**<br><br>**(Doc. No. 19)** |

Before the Court is Plaintiff Collette Starks' motion for a more definite statement. (Doc. No. 19.) The remaining active Defendant, Simon Poonka, did not oppose the motion. Although titled as a motion for a more definite answer, Plaintiff also requests certain parts of Defendant's answer be stricken. For the reasons set forth below, the Court **GRANTS IN PART** and **DENIES IN PART** Plaintiff's motion.

## I.    BACKGROUND

Plaintiff brings this complaint for alleged violations of the TCPA and CIPA for illegal telemarketing calls by Defendants. (Doc. No. 1 ¶¶ 1, 2.) She alleges that Defendant businesses Eco Home Solutions, Poonka Enterprises, Inc., and Project Eco called her at least nine times using an automated telephone dialing system. (*Id.* ¶ 72.)

## II. LEGAL STANDARDS

Federal Rule of Civil Procedure 8(b)(B)(1)(B) states that a party must "admit or deny the allegations against it by an opposing party." Rule 8(b)(3) states "[a] party that intends in good faith to deny all the allegations of a pleading—including the jurisdictional grounds—may do so by a general denial."

Federal Rule of Civil Procedure 12(f) provides that the "court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." "[T]he function of a Rule 12(f) motion is to avoid the waste of time and money spent on litigating spurious issues by dispensing with those issues before trial . . . ." *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1528 (9th Cir. 1993) (quoting *Sidney–Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983)), rev'd on other grounds, 510 U.S. 517 (1994). Grounds for a motion to strike must be readily apparent from the face of the pleadings or from materials that may be judicially noticed. *Wailua Assocs. v. Aetna Cas. & Sur. Co.*, 183 F.R.D. 550, 554 (D. Haw. 1998). A matter will not be stricken from a pleading unless it is clear that it can have no possible bearing on the subject matter of the litigation. *Id.*; *see also Empire Tractor Corp. v. Time, Inc.*, 10 F.R.D. 121, 122 (E.D. Pa. 1950) ("[A]nd if there is any doubt as to whether under any contingency the matter [sought to be stricken] may [at some time] raise an issue, the motion should be denied." (citations omitted)). Motions to strike are also disfavored in the absence of prejudice. *Horowitz v. Sulla*, No. 13-00500 HG-BMK, 2014 WL 1048798, at *10 (D. Haw. Mar. 14, 2014) (citing *Wailua Assocs.*, 183 F.R.D. at 553).

## III. DISCUSSION

Plaintiff argues that certain parts of Defendant's answer should be stricken, and that Defendant be ordered to admit or deny each paragraph of her complaint. Defendant, also appearing pro se, styles his answer as a general denial of Plaintiff's allegations and uses a story format, rather than the traditional admit/deny style sanctioned by attorneys. As an initial matter, just as Plaintiff reminds the Court that her motion is to be construed liberally as a pro se plaintiff, Defendant enjoys the same liberal construction of his complaint.

### A. Motion to Strike

First, Plaintiff asserts that page 1, lines 37–38 should be stricken as "scandalous, immaterial[,] and impertinent." (Doc. No. 19-1 at 3.) Those lines state: "Project Eco believes this to be a completely frivolous complaint/lawsuit. Also[,] Project 38 Eco believes this is an attempt to shakedown Project Eco for money as will be explained later." (Doc. No. 16 at 2.) *Immaterial* matters are those that "have no essential or important relationship to the claim for relief or the defenses being pleaded," and *impertinent* matters are "statements that do not pertain and are not necessary to the issues in question." *Fantasy*, 984 F.2d at 1527. "Allegations may be stricken as scandalous if the matter bears no possible relation to the controversy" or when it may cause "prejudice" to the objecting party. *Talbot v. Robert Matthews Distrib., Co.*, 961 F.2d 654, 664–65 (7th Cir. 1992) (emphasis added) (citations omitted). The Court finds the first part of the response represents Defendant's general denial, but that the second sentence referring to the attempted "shakedown" is scandalous. Accordingly, the Court **GRANTS** striking it.

Next, Plaintiff requests page 3, line 16 through pages 4 and 5 be stricken as non-responsive and scandalous. (Doc. No. 19-1 at 3.) The pages refer to an email conversation Defendant had with Plaintiff and are essentially copied from the emails themselves. (Doc. No. 16 at 3–5.) Defendant states the "[f]ollowing is the only way I have communicated with COLLETTE STARKS in this whole ordeal via email." (*Id.* at 3.) Although the information is normally not included in an answer but is more often found in a motion to dismiss, the Court finds the information concerns Defendant's general denial of the allegations and his affirmative defenses. Moreover, the Court finds that there is no harm or prejudice as to the attachments and Defendant's summary of the emails because it is information that is likely to be entered into evidence at some point. Thus, the Court **DENIES** striking it.

### B. Motion for a More Definite Answer

Plaintiff also requests the Court order Defendant to "admit or deny each paragraph of the Complaint." (Doc. No. 19-1 at 3.) However, Defendant does not need to do that

3

because the complaint is unverified and if he elects to submit a general denial. Construing his answer liberally, the Court determines Defendant's intent was to generally deny all Plaintiff's allegations. Accordingly, the Court **DENIES** Plaintiff's request for a more definite answer.

## IV. CONCLUSION

Based on the reasoning herein, the Court **GRANTS IN PART AND DENIES IN PART** Plaintiff's motion. The Court strikes Defendant's sentence regarding a shakedown and determines that no new answer need be filed. The case is ready for an early neutral evaluation and other case management.

**IT IS SO ORDERED**.

Dated: May 29, 2019

Hon. Anthony J. Battaglia
United States District Judge